IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHLEEN FAYE EYERS,                          6:12-cv-02031-BR

        Plaintiff,                           OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

        Defendant.


KATHRYN TASSINARI
ROBERT A BARON
Harder, Wells, Baron & Manning, P.C.
474 Willamette
Suite 200
Eugene, OR 97401
(541) 686-1969

        Attorneys for Plaintiff

---

    [1] Carolyn W. Colvin became the Acting Commissioner of Social
Security on February 14, 2013.  Pursuant to Rule 25(d) of the
Federal Rules of Civil Procedure, Carolyn W. Colvin should be
substituted for Michael J. Astrue as Defendant in this case.  No
further action need be taken to continue this case by reason of
the last sentence of section 205(g) of the Social Security Act,
42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**GERALD J. HILL**
**LARS J. NELSON**
Assistant Regional Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2139
(206) 615-2909

          Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff Kathleen Faye Eyers seeks judicial review of a
final decision of the Commissioner of the Social Security
Administration (SSA) in which she denied Plaintiff's application
for Disability Insurance Benefits (DIB) under Title II of the
Social Security Act.

     This Court has jurisdiction to review the Commissioner's
decision pursuant to 42 U.S.C. § 405(g).  Following a thorough
review of the record, the Court **REVERSES** the Commissioner's final
decision and **REMANDS** this matter pursuant to sentence four of 42
U.S.C. § 405(g) for further administrative proceedings.

## ADMINISTRATIVE HISTORY

Plaintiff filed her application for DIB on June 23, 2009. Tr. 11.  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on June 7, 2011.  Tr. 11.  At the hearing Plaintiff was represented by an attorney.  Plaintiff testified at the hearing. Tr. 11.

The ALJ issued a decision on July 26, 2011, in which he found Plaintiff was not disabled and, therefore, is not entitled to benefits.  Tr. 17.  That decision became the final decision of the Commissioner on September 20, 2012, when the Appeals Council denied Plaintiff's request for review.  Tr. 2.

## BACKGROUND

Plaintiff was born on June 29, 1961, and was 49 years old at the time of the hearing.  Tr. 16, 43.  Plaintiff completed two years of college.  Tr. 168.  Plaintiff's date last insured was June 30, 2005.  Tr. 170.

Plaintiff alleges disability since December 30, 1997, due to migraine headaches.  Tr. 145-46.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 13-17.

3 - OPINION AND ORDER

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla of evidence but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

**I.    The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v.*

5 - OPINION AND ORDER

*Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885

F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).


## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since December 30, 1997, her alleged onset date, through June 30, 2005, her date last insured. Tr. 13.

At Step Two the ALJ found Plaintiff had the medically-

determinable impairments of PTSD and "complaints of headaches" through the last date insured.[2]   Tr. 13.   The ALJ concluded these impairments, however, were not severe, and, accordingly, Plaintiff was "not under a disability . . . at any time from . . . the alleged onset date, through  . . . the date last insured."  Tr. 16.  Because of his finding at Step Two, the ALJ did not proceed with the remaining steps of the sequential analysis.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected the opinion of examining psychologist Judith Eckstein, Ph.D.; (2) improperly concluded at Step Two that Plaintiff did not have any severe impairments; and (3) improperly discredited Plaintiff's testimony.

**I.   Medical opinion testimony of Dr. Eckstein**

Plaintiff contends the ALJ erred when he did not give clear and convincing reasons for rejecting the opinion of examining psychologist, Dr. Eckstein.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other

---

[2]   The Court notes the ALJ based his findings as to these impairments on the medical diagnoses of Plaintiff that are in the record rather than the impairments listed in her applications. *See* Tr. 13, 145.

treating or examining physicians if the ALJ makes "findings
setting forth specific, legitimate reasons for doing so that are
based on substantial evidence in the record." *Thomas v.
Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v.
Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical
opinion of an examining or treating physician is uncontroverted,
however, the ALJ must give "clear and convincing reasons" for
rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v.
Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).  Generally the more
consistent an opinion is with the record as a whole, the more
weight an opinion should be given.  20 C.F.R. § 416.927(c)(4).

Medical sources are divided into two categories:
"acceptable" and "not acceptable."  20 C.F.R. § 416.902.
Acceptable medical sources include licensed physicians and
psychologists.  20 C.F.R. § 416.902.  Medical sources classified
as "not acceptable" include, but are not limited to, nurse
practitioners, therapists, licensed clinical social workers, and
chiropractors.  SSR 06-03p, at *2.  The Social Security
Administration notes:

> With the growth of managed health care in recent years
> and the emphasis on containing medical costs, medical
> sources who are not acceptable medical sources, such as
> nurse practitioners, physician assistants, and licensed
> clinical social workers, have increasingly assumed a
> greater percentage of the treatment and evaluation
> functions previously handled primarily by physicians
> and psychologists.  Opinions from these medical
> sources, who are not technically deemed acceptable
> medical sources under our rules, are important and

should be evaluated on key issues such as impairment
severity and functional effects, along with the other
relevant evidence in the file.
SSR 06-03p, at *3.

Factors the ALJ should consider when determining the weight
to give an opinion from those "important" sources include the
length of time the source has known the claimant and the number
of times and frequency that the source has seen the claimant, the
consistency of the source's opinion with other evidence in the
record, the relevance of the source's opinion, the quality of the
source's explanation of his opinion, and the source's training
and expertise.  SSR 06-03p, at *4.  On the basis of the
particular facts and the above factors, the ALJ may assign a not-
acceptable medical source either greater or lesser weight than
that of an acceptable medical source.  SSR 06-03p, at *5-6.  The
ALJ, however, must explain the weight assigned to such sources to
the extent that a claimant or subsequent reviewer may follow the
ALJ's reasoning.  SSR 06-03p, at *6.

Dr. Eckstein performed a Comprehensive Psychological
Evaluation of Plaintiff on May 16, 2011, at the request of
Plaintiff's attorney.  Tr. 640.  Dr. Eckstein gave Plaintiff Axis
I diagnoses of PTSD and dysthymia, Axis II diagnoses of
obsessive-compulsive and paranoid traits, and Axis III diagnoses
of migraine headaches and asthma.  Tr. 647.  Dr. Eckstein
concluded Plaintiff was markedly limited in her ability to
understand and to remember detailed instructions; to carry out

10- OPINION AND ORDER

detailed instructions; to maintain attention and concentration
for extended periods; to perform activities within a schedule, to
maintain regular attendance, and to be punctual within customary
tolerance; and to accept instructions and to respond
appropriately to criticism from supervisors.  Tr. 648-49.

Dr. Eckstein noted although Plaintiff had "been through some
counseling, she still appears symptomatic with ongoing nightmares
and panic attacks as well as remaining hypervigilant and
distrustful of others."  Tr. 647.  Dr. Esptein opined because of
Plaintiff's symptoms would cause a strain in "working
relationships," and "it is unlikely [that she] could work a
regular schedule because of her frequent migraines."  Tr. 647.
Dr. Epstein recommended further counseling to resolve Plaintiff's
past trauma.  Tr. 647.

In assessing the severity of Plaintiff's alleged mental
impairments, the ALJ considered the opinion of mental-health
specialist, Jane Docken, M.A., L.P.C., who the ALJ noted is "not
an acceptable medical source for the purpose of diagnosis."
Tr. 16.  Counselor Docken treated Plaintiff for mental-health
issues for approximately one year from November 2003 through
November 2004.  Tr. 587-635.  In November 2003 Counselor Docken
gave Plaintiff an Axis I diagnosis of adjustment disorder and

assigned Plaintiff a GAF[3] of 57.  Tr.  594.  Plaintiff's symptoms
included fear, hypervigilance, nervousness, irritability,
sleeplessness, sadness, remorse, guilt, self-criticism, and
flashbacks.  Tr. 14, 595.  As noted by the ALJ, Counselor Docken
also reported Plaintiff's prognosis, however, was good; that she
was living in a safe environment at that time; and that she was
"very bright."  Tr. 595.  When Plaintiff was discharged from her
treatment program in November 2004, Counselor Docken opined
Plaintiff was "employable" and assigned her a GAF of 65.
Tr. 636.  After considering Counselor Docken's opinion and other
evidence in the record of Plaintiff's functional activities, the
ALJ concluded Plaintiff's alleged mental impairments were not
severe.  Tr. 16.

The ALJ, however, did not address Dr. Eckstein's opinion and
did not provide any reasons for not considering Dr. Eckstein's
opinion.  As noted, although an ALJ may assign a not-acceptable
medical source either greater or lesser weight than that of an
acceptable medical source, the ALJ must still provide reasons for
the weight assigned to such sources to allow a claimant or
subsequent reviewer to follow the ALJ's reasoning.  SSR 06-03p,
at *5-6.  Here the ALJ failed to do so.

---

[3]  A Global Assessment of Functioning (GAF) score rates a
person's psychological, social, and occupational functioning on a
hypothetical continuum of mental-health illness.  *See* DSM-1V at
34.

The Court notes the Commissioner argues any error caused by the ALJ's failure to address Dr. Eckstein's opinion specifically is harmless because Dr. Eckstein's examination of Plaintiff occurred after Plaintiff's date last insured.  Although this may be true, it does not mean Dr. Eckstein's opinion is not relevant. In fact, contrary to the ALJ's conclusion, Dr. Eckstein opined Plaintiff's prior treatment for mental-health issues in 2003 and 2004 were not entirely successful in treating her prior trauma, and Plaintiff's condition would still affect her working relationships.  Furthermore, Dr. Eckstein recommended Plaintiff undergo further counseling.  Tr. 647.

The Court concludes on this record that the ALJ erred when he failed to address Dr. Eckstein's opinion because the ALJ did not provide legally sufficient reasons supported by the record for doing so.

## II.  Step Two

As noted, at Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(ii).  A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities."  20 C.F.R. § 404.1521(a).  *See also Ukolov*, 420 F.3d at 1003.  The ability to do basic work activities is defined as "the abilities and

aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521(a),
(b).  Such abilities and aptitudes include walking, standing,
sitting, lifting, pushing, pulling, reaching, carrying, handling,
seeing, hearing, speaking; understanding, carrying out, and
remembering simple instructions; using judgment; responding
appropriately to supervision, co-workers, and usual work
situations; and dealing with changes in a routine work setting.
*Id.*

    The Step Two threshold is low:

> [A]n impairment can be considered as not severe
> only if it is a slight abnormality which has such
> a minimal effect on the individual that it would
> not be expected to interfere with the individual's
> ability to work . . . .  [T]he severity regulation
> is to do no more than allow the Secretary to deny
> benefits summarily to those applicants with
> impairments of a minimal nature which could never
> prevent a person from working.

SSR 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted).

    As noted, the ALJ found Plaintiff has the medically-
determinable impairments of PTSD and "complaints of headaches,"
but the ALJ concluded these alleged impairments were not severe.
Tr. 13-14.  Plaintiff, however, asserts the ALJ erred at Step Two
when he did not find Plaintiff's alleged impairments of PTSD,
depression, anxiety, and migraine headaches were severe.

    The ALJ noted Plaintiff's testimony regarding her migraines,
but he concluded the evidence did not establish that Plaintiff
had mental limitations.  Tr. 22.  The ALJ pointed out that

"Plaintiff's complaints of headache symptoms are not well documented . . . as of the date last insured." Tr. 14.  For example, although Plaintiff sought care on numerous occasions between her alleged onset date and date last insured, she seldom, if ever, mentioned headache symptoms.  The ALJ concluded, therefore, that if Plaintiff's "headache symptoms had truly been debilitating, one would reasonably expect her to have discussed them with a medical treatment provider" and "the fact she did not do so suggests that her symptoms were not as disabling as she alleges." Tr. 15.  The Court concludes the ALJ provided sufficient reasons supported by substantial evidence in the record for concluding Plaintiff's alleged impairment of migraine headaches was not severe.

Although the ALJ acknowledged some evidence of Plaintiff's alleged mental symptoms, the Court, as noted, finds the ALJ failed to consider the opinion of Dr. Eckstein that supports Plaintiff's allegations of mental impairments.  Accordingly, the Court concludes the ALJ erred when he found Plaintiff's mental impairments to be nonsevere because he did not provide legally sufficient reasons supported by substantial evidence in the record for doing so.

## III. Plaintiff's Testimony

Plaintiff alleges the ALJ erred by failing to give clear and convincing reasons for rejecting her testimony as to the

intensity, persistence, and limiting effects of her migraine symptoms. As noted, however, the ALJ considered Plaintiff's testimony, but he properly concluded Plaintiff's migraines were not severe because of the lack of evidence in the record to support Plaintiff's allegations.

Accordingly, the Court concludes on this record that the ALJ did not err when he rejected Plaintiff's testimony as to the severity of her headaches because he provided legally sufficient reasons for doing so.

### REMAND

The Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *See, e.g., Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1164 (9th Cir. 2012). The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

The Ninth Circuit has established a three-part test for determining when evidence should be credited and an immediate award of benefits directed. *Strauss v. Comm'r of Soc. Sec.*

16- OPINION AND ORDER

*Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).  The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *See, e.g.*, *Harman v. Apfel*, 211 F.3d 1172, 1178 n.2 (9th Cir. 2000).

On this record the Court concludes further proceedings are necessary because it is not clear whether the ALJ would have found Plaintiff can perform other work that exists in significant numbers in the national economy if the ALJ had properly considered the opinion of Dr. Eckstein.

Based on the foregoing, the Court concludes a remand for further proceedings consistent with this Opinion and Order is required to permit the ALJ (1) to consider the opinion of Dr. Eckstein, (2) to determine whether Plaintiff's mental impairments are severe in light of Dr. Eckstein's opinion, and (3) to consider whether any new findings made by the ALJ require him to proceed to Steps Three, Four, and Five of the sequential evaluation.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 25th day of March, 2014.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

18- OPINION AND ORDER